SPRINGER AND FRIES *v.* EDWARD WISE, BERNARD SINGER AND LEWIS WISE.

(No. 9,500.)

1. An action will not lie for the recovery of damages, alleged to have occurred in consequence of a malicious civil suit, unaccompanied by the arrest of the person or a seizure of property. The costs of the action in which he recovers are supposed to compensate him for his loss.
2. When the foundation of the action is alleged damage in consequence of the wrongful and malicious levy upon property, special injury must be alleged and shown.

SPECIAL TERM.—On demurrer to petition.

The petition sets forth " that the defendants, on or about the 21st day of June, A. D. 1858, commenced an action against them in the court of common pleas, in the county of Jackson, and State of Missouri, and in said cause filed their petition against these plaintiffs, and among other things, averred that these plaintiffs were merchants trading at Cincinnati, Ohio, under the name of Springer & Fries; that they did not know the first name of said Springer & Fries, and, therefore, sued them as Charles Springer and John A. Fries; that these plaintiffs executed and delivered

to Seligman & Stetheimer, of the State and city of New York, their promissory note, for the sum of seven hundred and twenty-five dollars and seventy-two cents, which became due three months after the date thereof, to-wit: on the 15th day of April, A. D. 1857; also, their other promissory note, dated July 1st, 1857, for the sum of twenty-five hundred and sixty-six dollars and forty-four cents, which became due March 1st, 1858, and on which five hundred dollars had been paid; and, also, their other promissory note, dated July 17, 1857, for the sum of six hundred and six dollars and twelve cents, which fell due March 17, 1858. The said plaintiffs in said cause, further alleged, in their said petition, that the said notes had severally been indorsed by said Seligman & Stetheimer to them, and that they were the legal owners thereof; that the said several notes had been casually lost, and that they could not, therefore, file the same in said cause, then.    The plaintiffs herein say that the defendants are partners, and, as such, commenced said action in said court of common pleas of Jackson county; they further say, that in said action Louis J. Singer, agent for the above named defendants, swore to the truth of said averments, and he, also, at the commencement of said action, made oath ' that said plaintiffs had a just demand against said defendants, Springer & Fries; that the amount which they ought to recover thereon, was thirty-four hundred dollars, and that said Springer & Fries, as said affiant believes, are not residents, nor residing within the State of Missouri;' and thereupon said defendants, by their agents and attorneys, procured, to be issued, a writ of attachment against the property of these plaintiffs, and caused the property of these plaintiffs to be seized thereon to satisfy said claim."

., "These plaintiffs say that it is not true, that at the time of the commencement of said action, the said defendants herein were the holders or the owners of the said notes described above, and that, at that time, the same had not been indorsed over to them by said Seligman and Stetheimer; they further say, that said notes were not casually lost, as averred

by said defendants herein in their said petition, but, on the contrary, at said time the same were in the hands of parties in Cincinnati, who held them as agents for Seligman and Stetheimer, who were then, are now, and ever have been, the real *bona fide* holders and owners of said notes. The plaintiffs herein say that they were at no time indebted to the defendants, and that the commencement of said action, and the levying said attachment upon their property, was wrongful, malicious, and vexatious; that by reason thereof the plaintiffs herein have been greatly damaged in their business, credit and reputation; the plaintiffs further say, that the defendants herein, of their own motion, have abandoned said action, and dismissed said attachment, and that said Seligman and Stetheimer, the real owners of said notes, have now in another forum commenced their action against these plaintiffs."

" The plaintiffs say, that by the wrongful, malicious and vexatious proceedings of the defendants, they have been put to large expense and outlays, and have suffered damages to the extent of ten thousand dollars, for which they ask judgment, and for all proper relief."

To this petition the defendants demur, because it does not contain facts sufficient to constitute a cause of action.

*Jos. Abraham,* for plaintiffs.

*Tilden, Rairden & Curwen,* for defendants.

SPENCER, J.   It is claimed the property of the plaintiffs was attached, and that they received injury to their business, in consequence of the malicious procedure of the defendants. No action lies against a party for the bringing of a vexatious civil suit, to authorize a recovery. There must have been an arrest of the defendant in the action, or some special injury arising to his property. It is well established that if an individual, on an execution, takes the property of another, when on a prior execution his judgment has been

satisfied, an action will lie for the vexatious prosecution of the writ. But the malice in that case is the gist of the action, and special damage must be averred. But for the causeless bringing of an action, where no special injury arises to a party, the costs of the action in which he recovers are supposed to compensate him for his loss. Where there has been a seizure of the person or property in an action, brought vexatiously, without probable cause, and for the purpose of harassing the defendant, the latter may recover at common law for the special damage he may have sustained. To sustain such an action, it must appear that either his person or his property has been seized, and that the action was without reasonable or probable cause, and vexatiously or wrongfully instituted.

Now, how near does the petition in this case conform to these requisites?

All the facts may be true, as averred here, and the plaintiffs in the action in Missouri may not have been guilty of a vexatious proceeding, or one without reasonable or probable cause. It is not enough to aver in a petition of this kind that the party had no cause of action, or that the notes averred to be the cause of action, were not the property of the party bringing it. The averrment should be specific, that the suit was brought without reasonable expectation of maintaining it.

It has been claimed that the malice of the agent might be imputed over to the principal. As a general rule, that is not so: it is not imputed to him. Unless he directed the act to be done he is not liable for the malicious wrongs of an agent, acting without the proper scope of his duty.

The demurrer is well taken, and must be sustained.